UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**AIMEE L. HANKINS, et al.**                                                                    **PLAINTIFFS**

v.                                              No. 4:09-CV-00323 GTE

**JOHN SELIG, et al.**                                                                           **DEFENDANTS**

### ORDER

Before the Court are three motions for summary judgment filed by Plaintiffs Aimee L. Hankins, Janet E. Sheldon, and Arial Janet Harland.[1]  No responses to the motions have been filed, although certain Defendants have requested an extension of time for filing responses in the event their pending motions to dismiss are not granted.  The Court after reviewing the motions, has determined that it does not have the legal authority to grant the requested relief.  Accordingly, the motions will be denied.

From the pleadings before the Court, it appears that Aimee L. Hankins is the biological mother of Arial Janet Harland ("Arial") and DKH (a 14 year old young man).[2]  Janet E. Sheldon is the great grandmother of Arial and DKH.  It further appears that another court – presumably a state court – previously terminated the parental rights of Aimee Hankins as a result of which custody of both Arial and DKH was awarded to John Harland, who appears to be the biological father of Arial but not DKH. The sole relief requested by summary judgment concerns issues of parental rights and child custody.  Aimee Hankins' motion requests the following immediate

---

[1] Doc. Nos. 44, 45, and 46.

[2] Because DKH is a juvenile, the Court will refer to him by his initials.

relief: "that the Parental Rights of [DKH] be returned." Arial Hankins' motion requests that this Court "with all due haste to allow [DKH] my Blood brother to be allowed to live with me where and with whom I chose [sic] to live."

This appears to be an Arkansas custody matter. The Court knows of no legal authority for it to intervene in the process of determining issues of parental rights or child custody. *See e.g., Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502, 511 (1982) (affirming federal court's dismissal for lack of subject matter jurisdiction of case challenging state court custody decisions).

Additionally, it appears that Plaintiffs are, in effect, seeking to overturn a prior state court child custody and/or parental rights determination. This Court is barred from doing so by the Rooker-Feldman doctrine, which holds that federal review of state court judgments is only available in the United States Supreme Court. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

For both of these reasons, the Court lacks the authority to grant the relief requested in the pending motions for summary judgment. Accordingly,

IT IS HEREBY ORDERED THAT Plaintiffs' motions for summary judgment (Docket Nos. 44, 45, and 46) be, and they are hereby, DENIED.

IT IS FURTHER ORDERED THAT Defendants' motion to extend time to respond to said summary judgment motions (Docket No. 56) be, and it is hereby, DISMISSED AS MOOT.

IT IS SO ORDERED this   17th   day of July, 2009.

_/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE