**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

**AIMEE L. HANKINS, et al.**                                                                   **PLAINTIFFS**

**v.**                                         **No. 4:09-CV-00323 GTE**

**JOHN SELIG, et al.**                                                                          **DEFENDANTS**

## ORDER OF DISMISSAL

Plaintiffs, proceeding *pro se*, bring multiple civil rights claims against a total of twenty-two defendants. Before the Court are six motions to dismiss filed by defendants and six "motions"[1] filed by plaintiffs. The Court, after a review of the entire record, concludes that all of the defendants' motions must be granted and the case dismissed.

**I.     BACKGROUND**

The facts are alleged in the Amended Complaint[2] filed by the three plaintiffs in this case, Aimee L. Hankins, Janet E. Sheldon, and Arial Janet Harland. The following recitation is in no way intended to be a thorough recitation of all facts asserted by plaintiffs, but rather to provide an overview of those allegations necessary to be considered in passing on defendants' motions. It must be noted that many of the allegations are incomprehensible, lead nowhere and/or support no cognizable claim.

On April 22, 2009, plaintiffs filed their original Complaint[3] in this matter. The action was originally filed in the Western District of Missouri. On May 6, 2009, the case was

---

[1] Although the documents are styled as motions, they would more accurately be characterized as responses to defendants' motions.

[2] Docket entry # 31.

[3] Docket entry # 1. Plaintiffs paid the filing fee and are not proceeding *in forma pauperis*.

transferred to the Eastern District of Arkansas following a determination that venue is proper in this district.  On July 2, 2009, plaintiffs filed an Amended Complaint.

Plaintiff Aimee L. Hankins is the biological mother of plaintiff Arial Janet Harland ("Arial") and DKH (a minor male).[4]  Plaintiff Janet E. Sheldon is the great grandmother of Arial and DKH.  Most of the allegations in the Amended Complaint involve Hankins.  Many of the issues raised relate to child custody and parental rights issues.

Plaintiff Hankins alleges that on April 24, 2004, defendant police officers Stan Haney and Tim McCommas entered her home without a warrant, seized plaintiff Harland (then a minor) and DKH, used excessive force, terrorized the children, failed to read Hankins her Miranda rights, and failed to record possessions seized from Hankins.   Hankins further alleges that defendant Investigator Peggy Lashly, an employee of the defendant Arkansas Department of Human Services ("DHS"), "failed to protect or at least report" complaints made by the children about the conduct of the police officers prior to Lashly arriving on the scene.   Hankins alleges that she went "into shock," was hit in the head, and was transported by ambulance to the hospital.[5]

On April 25, 2004, plaintiff Hankins was charged with a misdemeanor crime.  She was released on bond the same day, but then rearrested the next day and charged with a felony.[6]  The Amended Complaint does not clearly identify the misdemeanor or felony, but states that the increase in charges was unlawful. While Hankins was "at the jail," she alleges that

---

[4]  Because DKH is a juvenile, the Court will refer to him by his initials.

[5]  Amended Complaint at ¶ 1.

[6]  *Id*. at ¶ 4, p. 3.

defendant Christie Kissee, another DHS employee, made offensive statements regarding Hankins' five-year old son, Andrew, who had died the previous year from a terminal illness.[7]

On December 15, 2004, plaintiff Hankins pled guilty to a crime.[8] Hankins alleges that defendants Marcia Pruitt and Christee Kissee used her children to coerce her into pleading guilty. She further indicates that she would like to pursue overturning the conviction, but does not know how to do so.

At some point following the April 24, 2004, incident, Ariel Hankins and DKH were sent to live with Ariel's biological father in Illinois. On September 1, 2005, plaintiff Hankins kidnapped her son, then ten years old, from Illinois. She alleges she did so "under EXTREME duress" and with the intent "to keep her promise to her son and hope the FBI would investigate."[9] Hankins later turned herself and son over to authorities in Arizona. Hankins was brought to Illinois Mercer County Jail, where she was held and given a forensic psychological evaluation. Arkansas agreed to allow Hankins to remain in Illinois.[10]

The Amended Complaint also describes other encounters with the police, including an incident on or about June 19, 2004, in which her home was broken into, Officer Monte Lane responded and made offensive and threatening comments.[11] Plaintiff Hankins states that she is "terrified of the police." Plaintiff Hankins also describes a separate incident in which she refused to give a urine specimen and requested a blood test, prompting approximately "20 or more"

---

[7] *Id.* at ¶ 2.

[8] The Amended Complaint is unclear as to whether this was the crime with which she was charged in April of 2004.

[9] Amended Complaint at ¶ 35 (emphasis in original).

[10] *Id.* at ¶¶ 35-37.

[11] *Id.* at ¶ 6.

officer to surround her.  During this incident, plaintiff Hankins alleges that defendant Officer Stan Haney said to Hankins, "You look like a dope-whore."[12]

On December 16, 2005, Hankins was released from jail with conditions. She claims that she sought assistance from Illinois state officials for visitation and reunification with her children.

Plaintiff Hankins alleges that she appeared on March 27, 2006, in Illinois state court, at which time the presiding judge, The Honorable Walter Braud, granted her full custody of her three minor children.[13]  Plaintiffs allege that on the very same day, an Arkansas judge, The Honorable Phillip Smith, terminated her parental rights.[14]  Judge Smith is named as a defendant in this case.  The Amended Complaint does not identify the court over which Judge Smith presides, but the Court takes judicial notice that Judge Smith is a Circuit Court Judge for the Third Judicial Circuit, which includes Arkansas counties Jackson, Lawrence, Randolph and Sharp.

On or about March 1, 2005, plaintiff Hankins was arrested in Baxter Country Medical Center following a vehicular accident in which her back was broken.  She allegedly "was being arrested for a second time for the terroristic threatening charge."[15]  Defendant Mark Johnson, a lawyer who had previously represented Hankins but was on this occasion acting as a judge, allegedly "ripped up the warrant" and Hankins was released.  Plaintiff Hankins makes various allegations against Johnson for acts and omissions while they had an attorney-client relationship.

---

[12] *Id.* at ¶ 7.

[13] *Id.* at ¶ 39.

[14] *Id.* at ¶ 40.

[15] *Id.* at ¶ 29.

For example, Hankins contends that Johnson failed to protect her due process rights and sexually harassed her.[16]

On May 2, 2006, plaintiff Hankins alleges that she was sentenced to six years in prison by The Honorable Harold Erwin. Judge Erwin is named as a defendant in this case. The Court takes judicial notice that Judge Erwin is a Circuit Court Judge for the Third Judicial Circuit, which includes Arkansas counties Jackson, Lawrence, Randolph and Sharp.

In March of 2007, plaintiff Hankins was released from prison. She began seeking legal help to visit her daughter, plaintiff Harland, and DKH in Illinois. Plaintiffs allege that an Illinois court ruled to restore Hankins' parental rights as to daughter and plaintiff Harland.[17]

Plaintiffs complain that on September 1, 2008, Judge Smith "called Arkansas Parole Officer Dusty Smith directing him to seek Hankins new Parole officer Craig Cronister in Missouri to inform Hankins to Stop trying to obtain her records" unless she had an attorney.[18]

Plaintiffs contend that they have been victimized and that state officials have abused their power. Plaintiffs are seeking a determination by this Court that their civil rights were violated by the judicial system in Arkansas, the Department of Human Services, and police officials. They have also requested an injunction. Plaintiff Hankins would like her parental rights restored and would like the Court to launch a federal investigation. Plaintiffs have also requested that the Court award money damages.

---

[16] *Id*. at ¶ 8.

[17] *Id*. at ¶ 45.

[18] *Id*. at ¶ 48.

## II.  LEGAL STANDARD

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief."[19]  All reasonable inferences from the complaint must be drawn in favor of the nonmoving party.[20]  A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery."[21]  A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'"[22]  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."[23]  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[24]

A motion to dismiss may also be used to dispose of claims which are time-barred.  When it "appears from the face of the complaint itself that the limitations period has run," a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss." *Varner v. Peterson*

---

[19] *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

[20] *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

[21] *Schmedding v. Tnemec Co. Inc.*, 187 F.3d 862, 864 (8th Cir. 1999).

[22] *Id.* (quoting Fed. R. Civ. P. 8(a)).

[23] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (overruling language from *Conley v. Gibson,* 78 S. Ct. 99, 102 (1957), which stated, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

[24] *Id.* at 1964-65 (citations omitted).

*Farms*, 371 F.3d 1011, 1016, 8th Cir. 2004 (omitting internal citations and quotations).  Further, when the face of the complaint clearly shows that a claim is barred by the applicable limitations period, "the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute of limitations was in fact tolled."  *Id*. (omitting citation).

### III. DISCUSSION

Before the Court discusses the motions filed by the various defendants in this case, it will discuss some basic legal principles which bar many of the claim asserted by plaintiffs.

**A.  No malicious prosecution claim may be asserted for any crime for which Hankins was convicted**.

The Eighth Circuit Court of Appeals has held that "malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury."[25]  Additionally, if such claims were permitted, either as a civil rights claim under § 1983 or as a state law tort claim, Hankins would be required to establish that the alleged malicious prosecutions terminated in her favor.[26]  While Plaintiff Hankins was convicted of one or more crimes, there is no indication that such conviction(s) were ever set aside, expunged, or declared invalid.

For both of these reasons, Hankins' claim(s) for malicious prosecution must be dismissed.

**B.  This Court is barred from reviewing decisions of Arkansas courts.**

Under the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction to review any previous decision of the Arkansas state courts.  The doctrine has been described as follows:

---

[25] *Berglund v. City of Maplewood, MN*, 173 F.Supp.2d 935 (D. Minn. 2001).

[26] *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2371, 129 L.Ed. 2d 383 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").

> The Rooker-Feldman doctrine states that district courts do not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings. The only court with jurisdiction to review decisions of state courts is the United States Supreme Court. A federal district court has jurisdiction over general constitutional challenges if these claims are not inextricably intertwined with the claims asserted in state court. A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. In other words, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling.[27]

Thus, to the extent that state courts have accepted a guilty plea from Hankins, imposed sentence, revoked her probation, stripped her of her parental rights, rejected her requests for custody, or taken any other action which Plaintiffs contend is improper, this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine to consider any claim that calls into question the validity of such state court decisions.

Many of plaintiffs' claims for relief appear to be barred for this reason.

### C. The Court has no jurisdiction to "order a federal investigation."

Plaintiffs ask the Court to order a federal investigation or to take other action inconsistent with the Court's limited judicial powers. For example, Plaintiffs allege that the Arkansas Department of Human Services ("DHS"), following investigations at the state level, has been found guilty of lack of worker accountability, false reporting, and abusive foster homes. They ask that this Court direct that DHS should be investigated federally. Plaintiffs have also asked with respect to the judge and prosecutor defendants that the Court inquire into how they have carried out their job duties.

---

[27] *Neal v. Wilson*, 112 F.3d 351, 356 (8th Cir. 1997) (omitting citations).

This Court has no authority to grant such relief. It lacks the power to launch an investigation.[28] It also lacks the power to direct that inquiry be made into how the defendant state judges and prosecutors have performed their judicial and prosecutorial responsibilities.

### D. Events occurring outside the three year limitations period are time-barred.

A three year limitations period applies to all the claims asserted by Plaintiffs. *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (three year personal injury statute of limitations applies to § 1983 claims).

With one exception, there appears to be no basis in fact or law for tolling the limitations period. Under Arkansas law, the limitations period may be tolled only if: (1) a defendant fraudulently conceals the existence of the cause of action; or (2) the plaintiff was 21 years old or insane when the cause of action accrued. *See* Ark. Code Ann. §§ 16-56-116 and 120.[29] There is no allegation that defendants fraudulently concealed any cause of action. However, as to plaintiff Harland, who turned 18 years of age on May 9, 2009, the limitations period may be tolled.

Arkansas has enacted a savings statute which provides that a person under twenty-one (21) years of age at the time a cause of action accrues shall have three years after attaining full age to bring the action. Ark. Code Ann. § 16-56-116 (2001 Supp.). Because Harland is not yet 21, any claim she asserts in this lawsuit may not be stricken as time-barred, although it may be stricken for other reasons.

---

[28] *See United States v. Nixon*, 418 U.S. 683, 693, 94 S.Ct. 3090, 3100, 41 L.Ed.2d 1039 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Norris v. Warder*, No. 3:02-CV-412-P, 2002 WL 31415920, at 2 (N.D. Tex. Oct. 21, 2002) (holding that federal district court "has no authority to order the United States Department of Justice to initiate any investigation.").

[29] *Brennan v. Wadlow*, 270 S.W.3d 831, 834 (Ark. 2008).

- 9 -

The vast majority of the claims asserted in Amended Complaint pertain only to plaintiff Aimee Hankins.  Hankins is the only person with standing[30] to complain about the alleged wrongs that were done to her.   As to any claims asserted by Hankins or Sheldon, such claims are barred unless the occurrences giving rise to such claims occurred within the three-year window.

The original Complaint was filed on April 22, 2009.  Accordingly, plaintiffs Hankins and Sheldon may not recover for any alleged unlawful acts which occurred before April 22, 2006.  Thus, to the extent that any cognizable claim has been asserted, any claim asserted by plaintiffs Hankins and Sheldon which arose more than three years prior to the filing of the Complaint are time-barred.  There are numerous allegations in the Amended Complaint.  It is unclear which allegations are intended to state a claim, and most clearly do not.  While some of the allegations do not specify dates, it appears that only the following allegations, to the extent they raise valid claims, are not time-barred:

(1)  An incident occurring on or about June 2, 2006, when Mark R. Johnson (Hankins' former attorney) presided over felony court and made some ruling in connection with criminal charges pending against Hankins.  This incident is described in ¶ 9 of the Amended Complaint;

(2)  An incident occurring on April 23, 2006, in which L. Steven Carlisle filed a "tort."  On April 27, 2006, Arkansas issued a warrant for Hankins' arrest, after which Hankins was arrested and taken to Arkansas.  This incident is described in ¶ 42 of the Amended Complaint;

---

[30] Standing is the determination of whether a specific person is the proper party to bring a particular matter to a federal court adjudication. While the Court does not, in this opinion, discuss the standing doctrine in detail, if any claims remained it would be necessary to do so.  To simplify the doctrine, a plaintiff must have personally and directly suffered injury to have standing to bring the action. As an example, only Hankins may bring suit for injuries she personally suffered even though the other plaintiffs were likely indirectly affected.

(3) An incident on May 2, 2006, when Judge Harold Erwin allegedly violated Hankins' due process rights by sentencing her to 6 years in prison, while stating, "I am sick of hearing your name and you deserve 6 years in Prison." This incident is described in ¶ 43 of the Amended Complaint;

(4) Telephone calls occurring between December 16th and 26th of 2008, during which Hankins spoke with an official with the Arkansas Department of Human Services and a person named "Erica" in Congressman Marion Berry's office. These calls are described in ¶ 46 of the Amended Complaint; and

(5) Defendant Judge Phil Smith's actions on September 1, 2008, when he allegedly called Arkansas Parole Officer Dusty Smith and directed him to contact Hankins' new parole officer in Missouri to have him inform Hankins to stop trying to obtain her records unless she had an attorney. *See* ¶ 48 of the Amended Complaint.

Of these five non time-barred claims, three of them (1, 3 and 5 above) are barred by judicial immunity, as discussed more particularly below. It appears that the remaining allegations (2 and 4 above) are provided for background purposes and are not intended to state an independent claim for relief. To the extent they are intended to state a claim for relief, they fail to do so.

To the extent that plaintiff Hankins challenges the constitutionality of the Arkansas statute allowing children to be taken into protective custody if in immediate danger because up to 72 hours may elapse before a judicial review of such seizure occurs, such challenge is time-barred because Hankins has not been subjected to the operation of the Arkansas law in the applicable three year limitations period.

In conclusion, plaintiffs Hankins and Sheldon have failed to assert any cognizable claim for relief which is not barred by the statute of limitations. Some of these issues are discussed in greater detail in the context of specific challenges by separate defendants.

### E. Sharp County Sheriff's Department is entitled to dismissal.

Sharp County Sheriff's Department ("SCSD") moves for a dismissal as a matter of law. For cause, SCSD states that it is not a legal entity subject to suit under 42 U.S.C. § 1983. This is a correct statement of the law.[31]

SCSD's motion will be granted and it will be dismissed as a defendant.

### F. Mark R. Johnson is entitled to dismissal.

Mark Johnson filed two motions to dismiss.[32] First, he claims that he was not properly served. Second, he also claims that plaintiffs' purported claim for slander or assault must be dismissed because it was filed beyond the three year statute of limitations applicable to such claims. Third, he argues plaintiffs can not lawfully state a claim arising from his actions as a judge in 2006. The Court concludes that Johnson is entitled to complete relief and dismissal from this lawsuit.

#### (1) Improper Service

Johnson contends that plaintiffs' failed to properly serve him with a copy of the Summons and original Complaint. Plaintiffs attempted to serve Johnson by mailing a copy of the summons and original complaint to his post office box in Hardy, Arkansas. Plaintiffs mailed the items to Johnson return receipt requested. They failed, however, to restrict delivery to Johnson.

---

[31] *In re Scott County Master Docket*, 672 F.Supp. 1152 (D. Minn. 1987), *aff'd*, *Myers v. Scott County*, 868 F.2d 1017 (8th Cir. 1989).

[32] *See* docket entries # 49 and 59.

- 12 -

The Federal Rules of Civil Procedure allow service to be made on individuals by "following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or service is made." Fed. R. Civ P. 4(e). Arkansas law allows service by mail. However, for such service to be effective, Arkansas law requires that the summons and complaint must be sent by mail "addressed to the person to be served with a return receipt requested and <u>delivery restricted to the addressee</u> or the agent of the addressee." Ark. R. Civ. P. 4(d)(8)(A)(i)(emphasis added).

Because plaintiffs' attempts at serving summons and the original complaint on Mark Johnson did not comply with Arkansas law, they must be set aside. In response, plaintiffs state that they followed the Federal Rules of Civil Procedure to the best of their ability. They have offered to reserve the Summons, if necessary. If Johnson did not have other valid defenses to plaintiffs' claims, the Court would permit them to properly reserve the original complaint. However, because all claims against Johnson appear to be otherwise barred, this will not be necessary.

**(2)    Limitations defense**

Plaintiffs Hankins' claims against Mark Johnson, her former attorney, are governed by a three year statute of limitations.[33] The original Complaint was filed on April 22, 2009. Accordingly, Plaintiffs may not recover for any alleged unlawful acts which occurred before April 22, 2006.

Defendant Johnson previously acted as counsel for plaintiff Hankins in three cases. Johnson has attached court orders in those cases, which are matters of public record, to show that

---

[33] Ark. Code Ann. § 16-56-105; *Wright v. Compton, Prewett, Thomas & Hickey, P.A.*, 315 Ark. 213, 866 S.W.2d 387 (1993).

by October 29, 2004, he had been relieved from all duties as her attorney.[34] Therefore, all acts and omissions allegedly committed by Johnson while representing Hankins must have occurred prior to October 29, 2004, and all are outside the limitations period. This includes the allegation that Johnson threatened Hankins on October 10, 2004, by telling her to "shut her F - - -ing mouth if she knew what was good for her, . . . (and] to lie in Court."[35] It also includes the allegations that Johnson "sexually harassed (her) with comments such as sugar momma" and by playing with her necklace in a sexual manner."[36]

Plaintiffs, in response to this motion, indicate that they have filed a motion to reinstate a tort claim in April of 2006 with The Chief Deputy Justice.[37] They further contend that Johnson failed to properly represent Hankins, that he protected the police even though he knew they had committed crimes, and that he solicited favors. Plaintiffs offer no facts or evidence to justify tolling the statute of limitations, which would be required for Hankins to file an action against Johnson based upon the legal services he previously provided to her. Accordingly, all claims against Johnson arising from his legal representation of plaintiff Hankins will be dismissed.

**(3)   Judicial immunity**

The only remaining allegations against Johnson involve actions allegedly occurring while he was acting as a judge. Such allegations, assuming they are sufficient to give rise to a claim, must be dismissed for a reason other than the statute of limitations (although they might also be

---

[34]  See Exhibits 2 -4 to defendant Johnson's brief, docket entry # 59.

[35]  Amended Complaint at ¶ 9.

[36]  *Id*. at ¶ 8.

[37]  *See* plaintiffs' Motion to Quash and Dismiss Mark Johnson's Motion to Dismiss with Prejudice Amended Complaint, docket entry # 72, at ¶ 1. This allegation is included in many of plaintiffs' submissions. However, plaintiffs fail to explain and the Court can not fathom how this helps plaintiffs' cause.

- 14 -

time-barred).  Defendant Johnson seeks to dismiss any claims based upon the allegation that on March 1, 2005, Johnson, while sitting as a judge, "ripped up" a warrant for Hankins' arrest and released her from custody.[38]  Hankins provides more detail regarding this allegation in her response.  It appears that she is contending Johnson ripped up the warrant to help protect the local police, which had transported Hankins with a broken back from the hospital to court.[39]

Assuming that Johnson ripped up the warrant because he was motivated to protect the police, he is still entitled to judicial immunity.  As stated by the United States Supreme Court:

> Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension fo personal consequences to himself.[40]

"Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."[41]  Allegations of bad faith or malice will not defeat judicial immunity.  *Id*.

Plaintiffs are prohibited by the doctrine of judicial immunity from suing Johnson for any actions taken or decisions made while acting as a judge.

All claims against Mark Johnson will be dismissed with prejudice.

---

[38] Amended Complaint, ¶ 29.

[39] Plaintiffs' response, docket entry # 72.

[40] *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991) (per curiam) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347, 20 L.Ed. 646 (1872) (omitting internal quotations).

[41] *Mireles v. Waco*, 502 U.S. at 11, 112 S.Ct. at 288.

**G.    Defendants Judge Phil Smith, Judge Kevin King, Judge Harold Erwin, Prosecuting Attorney Henry Boyce, and Deputy Prosecuting Attorney Tom Garner are entitled to dismissal**.

These defendants raise a variety of contentions, including that as judges and prosecutors they are absolutely immune from suits for damages and attorney's fees, that the Court lacks subject matter jurisdiction to hear challenges to state court judgments, and that Plaintiffs' claims are time-barred.

Plaintiffs in their response, acknowledge that the law prohibits the recovery of monetary damages against these Defendants and state that they are not seeking an award of monetary damages. However, they state that they still seek a criminal investigation, dismissal from their duties, sanctions, or criminal charges "as this Honorable Court deems Just."[42]

Plaintiffs appear not to fully appreciate the scope of the judicial and prosecutorial immunity to which these defendants are entitled. "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process."[43]

Additionally, this Court lacks the authority to launch a criminal investigation, to cause criminal charges to be brought, to impose sanctions, or to dismiss these defendants from their positions as state court judges or prosecutors.

The judge and prosecutor defendants are entitled to dismissal as a matter of law.

---

[42]  Docket entry # 69 at ¶ 5.

[43]  *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).

**H.     Stan Haney is entitled to dismissal.**

Defendant Haney argues that any claims against him are time-barred. The Court agrees.

**I.     Defendants Arkansas Department of Health and Human Services, Ashley Howard, Christie Kissee, Peggy Lashly, John Selig, and Mickey Wilson are entitled to dismissal.**

The Court agrees with the DHS defendants that it lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine to revisit or to reverse state court determinations regarding child custody and parental rights. *See* discussion *supra*. Additionally, all of Plaintiffs' claims appear to be based on acts or omissions outside the applicable three year limitations period. Finally, Plaintiffs' claims for damages against the DHS or any DHS employee sued in their official capacity must be dismissed for the additional reason that such claims are barred by the Eleventh Amendment.

Plaintiffs make numerous allegations simply naming DHS employees with whom they spoke, who were present at various times, who reported certain events or made recommendations. Such allegations are insufficient as a matter of law to provide notice of any alleged violation of their constitutional or federal rights. To the extent that plaintiffs offer such allegations for the purpose of supporting their request that the Court launch an investigation into DHS and the foster care system in the state of Arkansas, such action is beyond the scope of the authority granted this Court by the United States Constitution and Congress.

For all of these reasons, the DHS defendants are entitled to dismissal from this lawsuit.

**J.     Plaintiffs' Motions to Quash and Motion to Dismiss must be denied.**

Plaintiffs' submissions styled as motions to quash and a motion to dismiss are, in effect, responses to defendants' motions to dismiss. As such, they should not have been filed as

motions, but rather as responses.  But, even if considered as motions, they fail to contain any facts or law meriting any affirmative relief.  All Plaintiffs' motions will therefore be denied.

## IV.    CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT the following 6 motions be, and they are hereby, GRANTED:

1. Defendant Sharp County Sheriff Department's Motion to Dismiss (docket entry # 36);

2. Defendant Mark R. Johnson's Motion to Dismiss (docket entry # 49-2) and his Motion to Dismiss with Prejudice (docket entry # 9);

3. Defendants Judge Phil Smith, Judge Kevin King, Judge Harold Erwin, Prosecuting Attorney Henry Boyce, and Deputy Prosecuting Attorney Tom Garner's Motion to Dismiss (docket entry # 51);

4. Defendant Stan Haney's Motion to Dismiss (docket entry # 57); and

5. Defendants Arkansas Department of Health and Human Services, Ashley Howard, Christie Kissee, Peggy Lashly, John Selig, and Mickey Wilson's Motion to Dismiss (docket entry # 63).

IT IS FURTHER ORDERED THAT Plaintiffs' Motions to Quash (Docket entries # 69, 71, 72, 78, and 80) be, and they are hereby, DENIED.

Because all defendants upon whom service was made have been dismissed from this lawsuit and the 120 day time period for obtaining service of process has passed, there are no claims remaining before the Court.  Accordingly, the Clerk of the Court is directed to terminate this action.

IT IS SO ORDERED this   7th   day of October, 2009.

                                                          _/s/Garnett Thomas Eisele_____
                                                          UNITED STATES DISTRICT JUDGE